**FILED IN CLERK'S OFFICE**
U.S.D.C. Atlanta

JUL 1 6 2009

JAMES N. HATTEN, CLERK
By: Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHUNDRIKA DANIEL,

    Plaintiff,

v.

ASSET ACCEPTANCE, LLC,

    Defendant.

PLAINTIFF'S VERIFIED
COMPLAINT AND
DEMAND FOR JURY
TRIAL

**1 09-CV-1935    -JEC**

SHUNDRIKA DANIEL ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against ASSET ACCEPTANCE, LLC, ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Plaintiff resides in the state of Georgia and Defendant conducts business in the state of Georgia, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

6. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

7. Plaintiff is a natural person residing in Lithonia, DeKalb County, Georgia.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national company located in Warren, Michigan.

11. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt owed on a Bally's gym membership.

13. Defendant constantly and continuously places collection calls to Plaintiff to the number (504) 669-2738 seeking and demanding payment for an alleged consumer debt.

14. Defendant constantly and continuously places collection calls to Plaintiff from the number (800) 614-4734 seeking and demanding payment for an alleged consumer debt.

15. Defendant places between 4-5 collection calls every day to Plaintiff.

16. Defendant calls Plaintiff and hangs up when Plaintiff answers to the phone.

17. Defendant threatened to file a lawsuit against Plaintiff while seeking and demanding payment for an alleged consumer debt. To date no lawsuit has been filed.

18. Defendant threatened to garnish Plaintiff's wages while seeking and demanding payment for an alleged consumer debt. To date, no wages have been garnished.

19. Defendant did not send Plaintiff a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692c(a)(1) of the FDCPA by contacting Plaintiff at a time and place known to be inconvenient.

   b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

   c. Defendant violated §1692d(5) of the FDCPA by causing the phone to ring and engaging Plaintiff in telephone conversations repeatedly.

   d. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without disclosing his/her identify.

   e. Defendant violated §1692e(10) of the FDCPA by making false representations and engaging in deceptive means to collect a debt or obtain information about a consumer.

   f. Defendant violated §1692e(11) of the FDCPA by failing to disclose its identity as a debt collector.

   g. Defendant violated §1692f of the FDCPA by engaging in unfair and unconscionable means to collect or attempt to collect a debt.

   h. Defendant violated §1692g(a)(1-5) by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be

assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress. *See* Exhibit A.

WHEREFORE, Plaintiff, SHUNDRIKA DANIEL, respectfully requests judgment be entered against Defendant, ASSET ACCEPTANCE, LLC, for the following:

22. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

23. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

24. Actual damages,

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

26. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: July 6, 2009

By: _____
Alex Simanovsky, Esq.
Attorney for Plaintiff
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345

Of Counsel
Krohn & Moss, Ltd.
10635 Santa Monica Blvd., Suite 170
Los Angeles, CA 90025

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHUNDRIKA DANIEL, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA

Plaintiff, SHUNDRIKA DANIEL, states the following:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, SHUNDRIKA DANIEL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

6-25-09
Date

SHUNDRIKA DANIEL